CATALINO RAMOS GÓMEZ, Plaintiff and Appellant, *v.* PEDRO RÍOS RODRÍGUEZ, Defendant and Appellee.

No. 11302.    Argued June 19, 1956.—Decided November 26, 1956.

*J. M. Toro Nazario* for appellant.    *Gloria M. Mimoso de Laguna* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In this case the lower court held (1) that the mortgage foreclosure proceeding brought by Julio Rivas Soto, the creditor, was valid; (2) that plaintiff-counterdefendant was not a purchaser pendente lite, and, consequently, that there was no violation of § 71 of the Mortgage Law; (3) that defendant-counterplaintiff had acquired by ordinary prescription the property under litigation.

In reversing the judgment appealed from and remanding the case for further proceedings, we ratified the foregoing pronouncements with the exception of the last one. We held that the defendant had not acquired title by ordinary prescription because he was not a purchaser in good faith, stating in this connection that:

". . . Conceding that defendant-appellee meets the requirement of continuous possession during the legal period as well as the requirement of a proper title, we cannot agree with the trial court that the possession has been in good faith. If the latter is lacking, there is no ordinary prescription. *Sauri* v. *Echevarría,* 51 P.R.R. 71. According to § 1850 of the Civil Code, 'Good faith of the possessor consists in his belief that the person from whom he received the thing was the owner of the same, and could convey his title.' When appellee made the purchase, he knew from the Registry that neither the vendor nor the person from whom the latter derived title could convey the ownership of the property, since the title was recorded in the name of a different person (plaintiff-appellant's predecessor in interest), and, attributing to him that knowledge by reason of the fact that he could not ignore what was made public in the Registry, his possession cannot be considered as being in good faith. The lower court therefore erred in holding that the appellee had acquired by prescription the title to the property in litigation." *Ramos* v. *Ríos,* 78 P.R.R. 587, 594.

On reconsideration, we have re-examined the last question in the light of the new arguments offered by the parties, and are of the opinion that the lower court correctly held that the appellee was a purchaser in good faith. Originally we held otherwise based on appellee's alleged knowledge from the record in the Registry at the time he purchased, according to which the title to the property in question was recorded

in the name of Prudencio Ramos Rodríguez, who was plaintiff's predecessor. On this point we were mistaken.

"Good faith of the possessor," says § 1850 of the Civil Code (1930 ed.), "consists in his belief that the person from whom he received the thing was the owner of the same, and could convey its title." Defendant-appellee acquired the property in question by purchase, through public deed, from Domingo García and his wife, Joaquina Rivera, who in turn had purchased it in like manner from Julio Rivas Soto, the mortgagee who foreclosed his credit in a valid proceeding and to whom the property was adjudicated at a public auction. Appellee's title is a just, real, and valid title. It is just, because it is sufficient at law to convey ownership. It is real, because it is not sham or simulated, and it is valid because it meets the internal and external requirements necessary to produce juridical effects. It is true, as already noted, that when the appellee acquired the property, it was recorded in the Registry of Property in the name of appellant's predecessor. Yet, on this fact alone we cannot attribute bad faith. He derives title from one who acquired it legally at a judicial sale, Julio Rivas Soto. When the adjudication was made to the latter, the property was recorded in the Registry in the name of the persons against whom the foreclosure proceeding had been filed. The marshal adjudicated the property to him on February 6, 1931, and it was not until the 19th of that month and year that the recordation was made in the name of appellant's predecessor, who had acquired the property subject to the same mortgage lien foreclosed by Rivas Soto.

All of which, coupled with the fact that Rivas Soto took material possession of the property immediately after it was adjudicated to him and that his successors in title continued to enjoy the possession publicly, quietly, and peacefully, and in the belief that they were the owners,[1] is sufficient to war-

---

[1] The element of good faith must be coupled with lawful possession in order to invoke through it the ordinary acquisitive prescription. 12 Manresa, *Código Civil Español* 879. (5th ed.)

rant the belief that Domingo García and his wife, the appellee's predecessors in interest, were the owners of the property and could convey its ownership. After all, the recordation in the Registry neither gives nor takes away any right. See Judgment of June 5, 1928 of the Supreme Court of Spain. The possessor's belief that the person from whom he received the thing was the owner and could convey its ownership, must be a *well-founded belief. Capó v. A. Hartman & Co.*, 57 P.R.R. 190; 12 Manresa, *Código Civil Español* 877 (5th ed.).

Appellee's belief that his predecessors in interest were the owners of the property and could convey its ownership is not without basis. The fact that it was necessary to follow some judicial proceeding to annul the registration of the title made in the Registry in favor of appellant's predecessor in interest, is not indicative of the bad faith of the possessor [appellee herein].[2] The vital point was whether there was any basis for determining that in opposition to that registration there stood the juridical reality that the property did not belong to the record owner but to those who derived title from the mortgagee and purchaser at the auction sale of the property. Everything points to the fact that the latter and not the former were the real owners. Consequently, the possession by the appellee meets the requirement of good faith and his dominion title has been consolidated by ordinary prescription.

---

[2] The case of *Gaztambide v. Heirs of Ortiz*, 70 P.R.R. 388, is distinguishable. There we held that a mortgage contract involving unduly consolidated conjugal and separate real property was nonexistent and, hence, the summary foreclosure proceeding was entirely void. Since these facts appeared from the Registry, the successors in title of the purchaser at the auction sale could not plead the status of possessors in good faith. The facts in this case, as set forth in this opinion, are different. Here, the summary foreclosure proceeding was valid, and the only bar to the recording of the title acquired at the public auction was the entry which had been made in the name of the predecessor in interest of appellant who, as has been noted, acquired the property subject to the lien which gave rise to the summary foreclosure proceeding.

In view of the foregoing conclusion, the provisions of § 1362 of the Civil Code (1930 ed.) dealing with sale to different vendees, are inapplicable to the facts herein. Everything said in our opinion in connection with this section is left open for further consideration under proper facts.

For the foregoing reasons, our judgment will be set aside and another rendered instead affirming the judgment appealed from.

